UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BRADLEY VAN DYKE,

        Plaintiff,

v.

D.K. SISTO, et al.,

        Defendants.

NO. CV-08-3120-JLQ

**SCREENING ORDER AND DIRECTING PLAINTIFF TO SUBMIT DOCUMENTS FOR SERVICE**

Before the Court is *pro se* state prisoner Plaintiff Complaint, alleging various constitutional violations under 42 U.S.C. § 1983.

**I.   Screening Standards**

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28

ORDER - 1

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on
2  an indisputably meritless legal theory or where the factual contentions are clearly baseless.
3  *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however
4  inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d
5  639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

6        A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937,
10 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127
11 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). Plaintiff must set forth "sufficient factual
12 matter, accepted as true, to 'state a claim that is plausible on its face.' " *Iqbal*, 129 S.Ct. at
13 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true,
14 legal conclusion are not. *Id.* at 1949. The court must construe the pleading in the light most
15 favorable to Plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,
16 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). However, "a liberal interpretation
17 of a civil rights complaint may not supply essential elements of the claim that were not
18 initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)
19 (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). "Determining whether
20 a complaint states a plausible claim for relief will ... be a context-specific task that requires
21 the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct.
22 at 1950.

23       The Civil Rights Act under which this action was filed provides as follows:
24     Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights,
25     privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for
26     redress.

ORDER - 2

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**II.   Discussion**

On the basis of the standards cited above, the court finds Plaintiff's Complaint is not legally frivolous. Plaintiff claims the Defendants were subjectively aware of a substantial physical threat to Plaintiff posed by prison gangs, that the Defendants disregarded this risk and failed to take adequate measures to protect him from attack. Plaintiff claims as a result of this failure he was assaulted by gang members on December 21, 2006, suffering serious trauma to his face, nose, and mouth. Plaintiff's Complaint appears to state a cognizable claim against the Defendant based on failure to protect arising under the Eighth Amendment.

In order to direct service of the Complaint on the Defendants by the U.S. Marshals, Plaintiff must prepare and return service documents outlined below.

**III.   Instructions for Service Documents**

1. The court finds that service is appropriate on Defendants Sisto, Sequira, Fuizzotti, and Gums.

ORDER - 3

2. The Clerk of Court shall immediately send Plaintiff a USM-285 form for each Defendant to be served, as well as a summons, instruction sheet, and a copy of the complaint (Ct. Rec. 1).

3. On or before **SEPTEMBER 30, 2009**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

    a.    The completed Notice of Submission of Documents;

    b.    A completed summons for each Defendant listed in paragraph 1. above;

    c.    A completed USM-285 form for each Defendant listed in paragraph 1. above;

    d.    Copies of this order for each Defendant listed in paragraph 1. above, and

    d.    5 copies of the Complaint (Ct. Rec. 1).

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. After receiving the above-described documents, the court will issue a separate Order requiring the U.S. Marshals to serve each Defendant listed in paragraph 1.

5. The court cautions Plaintiff that failing to submit the above-described documents (and/or a First Amended Complaint) on or before **SEPTEMBER 30, 2009** will be construed as a decision by the Plaintiff to dismiss this lawsuit under Federal Rule of Civil Procedure 41.

## IV. CONCLUSION AND ORDER

**Accordingly, IT IS HEREBY ORDERED**:

1. The claims in the Complaint are sufficient at least to state cognizable claims against Defendants Sisto, Sequira, Fuizzotti, and Gums. *See* 28 U.S.C. § 1915A.

2. With this Order, the Clerk of the Court shall also provide the Plaintiff with a copy of the Local Rules, a blank summons, a copy of the pleading filed December 23, 2008 (Ct. Rec. 1), four USM-285 forms, and instructions for service of process (if any).

ORDER - 4

3. PLAINTIFF IS CAUTIONED THAT THE COURT WILL CONSTRUE PLAINTIFF'S FAILURE TO TIMELY FILE THE SERVICE DOCUMENTS IN ACCORDANCE WITH THE INSTRUCTIONS HEREIN AS PERMISSION TO DISMISS THIS LAWSUIT UNDER FEDERAL RULE OF CIVIL PROCEDURE 41.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service.

Dated August 10, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY VAN DYKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D.K. SISTO, et al.,<br><br>　　　　Defendants. | NO. CV-08-3120-JLQ<br><br>**NOTICE OF SUBMISSION OF DOCUMENTS** |

　　Plaintiff hereby submits the following documents in compliance with the Court's "Screening Order and Directing Plaintiff to Submit Documents for Service.":

　　　　_____ completed summons form;

　　　　_____ completed USM-285 forms;

　　　　_____ copies of the complaint (Ct. Rec. 1); and

　　　　_____ copies of the Court's "Order Requiring Plaintiff to Amend or Submit Documents for Service."

DATED: _____

　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff