UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BRADLEY VAN DYKE,

        Plaintiff,

v.

D.K. SISTO, et al.,

        Defendants.

NO. CV-08-3120-JLQ

**ORDER AND ORDER DIRECTING U.S. MARSHAL TO SERVE COMPLAINT**

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed August 11, 2009, the court determined that Plaintiff's Complaint states cognizable claims for relief against Defendants Sisto, Sequira, Fuizzotti, and Gums. The court ordered Plaintiff to prepare and return the necessary service documents by September 30, 2009. Ct. Rec. 9. Plaintiff has done so. Ct. Rec. 12.

Accordingly, **IT IS HEREBY ORDERED**:

1. The **Clerk of Court** shall forward the following documents to the U.S. Marshals Service for Defendants Sisto, Sequira, Fuizzotti, and Gums:

    a.    Four completed and issued summons;

    b.    Four completed USM-285 forms;

    c.    Four copies of the Complaint;

    d.    Four copies of this Order;

ORDER - 1

      e.      Eight copies of a Waiver of Service;

      f.      Four notices of lawsuit consistent with Federal Rule of Civil Procedure 4(d)(1); and

      g.      Four requests for waiver of service consistent with Federal Rule of Civil Procedure 4(d)(1).

2.      The **Clerk of Court** shall also immediately forward the following **additional** documents to the U.S. Marshals Service:

      a.      an extra copy of the Complaint; and

      b.      an extra copy of this Order.

3.      The **U.S. Marshals Service** shall serve *each* **Defendant** in compliance with Federal Rule of Civil Procedure 4.

      a.      Within ten days from the date of this order, in order to effectuate service, the United States Marshal, in compliance with Rule 4(d), shall send the following documents, by first class mail: the summons, the Complaint, this Order, a request for waiver of service of summons, two copies of the Waiver of Service, and a return envelope, postage prepaid, addressed to the sender.  The costs of mailing shall be advanced by the United States.

      b.      Next, if the Defendant does not return the Waiver of Service within the appropriate time period, the U.S. Marshals Service shall personally serve that Defendant, in compliance with Rule 4(e)-(I) and 28 U.S.C. § 566(c). The U.S. Marshals Service shall make the necessary attempts to effectuate such personal service until service is effected or, if necessary, obtain direction from the court or the Legal Affairs Division (Litigation Office Special Investigator) of the California Department of Corrections and Rehabilitation (CDCR).  The U.S. Marshals Service shall also

ORDER - 2

command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this Order.

4.  The U.S. Marshals Service shall file upon receipt the returned waivers of service, the requests for waiver of service that are returned as undelivered, and returns of service.  In addition, if necessary, the U.S. Marshals Service shall complete and file the USM-285 form.  Costs of service will then be taxed against the personally-served Defendant in accordance with Federal Rule of Civil Procedure 4(d)(2).

5.  Defendants shall file an Answer or otherwise respond to Plaintiff's Complaint within sixty (60) days after mailing (if formal service is waived), forty-five (45) days if service is not waived.  Failure to so respond may result in entry of a default judgment.

6.  Discovery shall not proceed until the court issues a discovery order.  Generally, a discovery order will issue after the Defendants file their answer.

7.  **NOTICE - WARNING**: Pro se Plaintiff is warned that certain motions can result in the dismissal of all or part of his case; i.e., "dispositive motions." *See Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988); *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998).  Such dispositive motions may be captioned as motions to dismiss or motions for summary judgment, though other captions may also be used.

Generally, the court must grant a Defendant's motion to dismiss for failure to state a claim that is filed under Federal Rule of Civil Procedure 12(b)(6) if it appears beyond doubt that Plaintiff can prove no set of facts that would plausibly entitle him to relief.  While the court assumes that Plaintiff's allegations are true when applying this standard, conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim.

A Defendant may also file a motion to dismiss for failure to exhaust administrative remedies as to one or more claims in the complaint.  The failure to exhaust administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss.  *Wyatt v. Terhune*, 315

ORDER - 3

F.3d 1108, 1119 (9th Cir. 2003) (citing *Riza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988)). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20 (quoting *Ritza*, 837 F.2d at 368). Accordingly, Plaintiff must oppose the motion setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies, rather than simply rely on allegations in the complaint. *See* Fed. R. Civ. P. 43(e); *Ritza*, 837 F.2d at 369. If the court concludes that Plaintiff did not exhaust administrative remedies, the case will be dismissed without prejudice. *Wyatt*, 837 F.3d at 1120. This means that the case will end. If Plaintiff exhausts administrative remedies at a later date, he may file the case as a new action.

The court must grant a summary judgment motion filed under Federal Rule of Civil Procedure 56 when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. This means the court will find in favor of the moving party if there is no real dispute about any fact that affects the result of the case and if the moving party is entitled to judgment as a matter of law. This will end the case. When a party makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, the opposing party cannot simply rely on what his complaint or answer says. Instead, if Plaintiff is the opposing party, he must show Defendant(s)' facts are genuinely disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the complaint **if** the complaint shows that Plaintiff has personal knowledge of the matters stated and **if** Plaintiff calls the court's attention to those parts of the complaint upon which Plaintiff relies; (2) Plaintiff may serve and file affidavits or declarations setting forth the facts which Plaintiff believes prove Plaintiff's claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may rely upon written records but Plaintiff must prove that the records are what Plaintiff claims they are; and (4) Plaintiff may also rely upon all or any part of the

ORDER - 4

1 transcript of one or more depositions, answers to interrogatories, or admissions obtained in
2 this proceeding. Should Plaintiff fail to contradict Defendant(s)' motion with affidavits,
3 declarations, or other evidence, Defendant(s)' evidence will be taken as truth, and final
4 judgment may be entered without a full trial. *See* Fed. R. Civ. P. 56(e). Rule 56 sets forth
5 what a party must do in order to oppose a summary judgment motion. Local Rule 56-260
6 also requires, in addition, that a party include as part of its opposition to a summary judgment
7 motion a statement of material facts. If summary judgment is granted, the case will be
8 dismissed and there will be no trial.

9  8. A motion or opposition supported by unsigned affidavits or declarations will be
10 stricken.

11  9. **NOTICE - WARNING**: Plaintiff is also advised that **all parties, whether or
12 not represented by an attorney, are responsible for following the requirements set forth
13 in the Federal Rules of Civil Procedure and the Local Rules.** Failure to comply with these
14 rules or an Order may result in the imposition of sanctions, including dismissal of the action.
15 Please take special note of Local Rule 5-135 regarding service and filing of pleadings, Local
16 Rule 78-230 regarding motion practice, especially subsections (f) through (h), and Local
17 Rule 56-260 regarding summary judgment. **The Clerk's Office shall provide Plaintiff with
18 a copy of the Local Rules.**

19  10. Each party shall keep the court informed of a current address at all times while
20 the action is pending. Any change of address must be reported promptly to the court in a
21 separate document captioned for this case and entitled "Notice of Change of Address." A
22 notice of change of address must be properly served on other parties. Pursuant to Local Rule
23 ///
24 ///
25
26

ORDER - 5

83-182(f), service of documents at the record address of a party is fully effective. Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service.

**DATED** this 21st day of October 2009.

s/ Justin L. Quackenbush<br>JUSTIN L. QUACKENBUSH<br>SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6