1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

BRADLEY VAN DYKE,

              Plaintiff,

     v.

D.K. SISTO, et al.,

           Defendants.

NO. CV-08-3120-JLQ

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

15

16

17

18

19

20

21

22

     BEFORE THE COURT is Plaintiff's Motion for Appointment of Counsel (Ct. Rec. 13). Plaintiff has requested the appointment of counsel because he cannot afford a lawyer, because he believes the issues in the case are complex, he is not trained in the law, and has never been a party to a civil lawsuit before. Plaintiff also indicates that he suffers from impaired visual acuity due to a retinal detachment in his right eye. He alleges that when he reads for more than an hour, he starts to see spots in left eye and gets painful headaches. Ct. Rec. 13 at 3.

23

24

25

26

     Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

ORDER - 1

1    However, in certain exceptional circumstances the court may request the voluntary assistance

2    of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

3           Without a reasonable method of securing and compensating counsel, the court will

4    seek volunteer counsel only in the most serious and exceptional cases.  In determining

5    whether "exceptional circumstances exist, the district court must evaluate both the likelihood

6    of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in

7    light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and

8    citations omitted).

9           In the present case, the court does not find the required exceptional circumstances.

10   Even if it is assumed that plaintiff is not well versed in the law and that he has made serious

11   allegations which, if proved, would entitle him to relief, his case is not "exceptional."  This

12   court is regularly faced with similar cases.  Further, at this early stage in the proceedings, the

13   court cannot make a determination that plaintiff is likely to succeed on the merits.  In

14   addition, notwithstanding Plaintiff's vision impairment, and based on a review of the record

15   in this case, the court does not find that plaintiff cannot adequately articulate his claims.  *Id.*

16          Plaintiff has advised the court that he intends on attempting to amend his complaint

17   to add additional Defendants and additional unexhausted claims pertaining to his medical

18   treatment for the injuries he sustained in the attack described in his Complaint.  Plaintiff

19   admits that he just filed his grievance on August 18, 2009 alleging that "prison medical staff

20   failed to treat a serious medical need in addition to other medical issues that are pertinent to

21   the Plaintiff's complaint."  Ct. Rec. 13 at 4-5.  The court must advise Plaintiff that pursuant

22   to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to

23   prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

24   in any jail, prison, or other correctional facility until such administrative remedies as are

25   available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit.

26   *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a)

ORDER - 2

1  exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*,

2  435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those

3  remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' "

4  *Porter*, 534 U.S. at 524 (citing to *Booth v. Churner*, 532 U.S. 731, 739 n. 5, 121 S.Ct. 1819,

5  149 L.Ed.2d 958 (2001)). Prisoners must complete the prison's administrative process,

6  regardless of the relief sought by the prisoner and regardless of the relief offered by the

7  process, as long as the administrative process can provide some sort of relief on the

8  complaint stated. *Booth*, 532 U.S. at 741.  In light of section 1997e(a), any attempt to amend

9  the complaint to add claims not fully exhausted before December 23, 2008 would likely be

10  futile.  Plaintiff could re-file these claims in a separate action once he has properly exhausted

11  his available administrative remedies.

12        For the foregoing reasons, Plaintiff's Motion for the Appointment of Counsel (Ct. Rec.

13  13) is **DENIED**, without prejudice.

14        **IT IS SO ORDERED.**  The District Court Executive is directed to enter

15  this Order and provide a copy to Plaintiff.

16        **DATED** this 16th day of November 2009.

17                         s/ Justin L. Quackenbush
                         JUSTIN L. QUACKENBUSH

18            SENIOR UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

ORDER - 3