1

2

3

4            UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF CALIFORNIA
5

6    BRADLEY VAN DYKE,

7              Plaintiff,              NO. CV-08-3120-JLQ

8         v.                           **ORDER DENYING MOTION TO**
                                       **COMPEL PRODUCTION OF**
9                                      **DOCUMENTS**

10   D.K. SISTO, et al.,

11             Defendants.

12

13        BEFORE THE COURT is Plaintiff's Motion to Compel Discovery (Ct. Rec. 40).

14   On August 30, 2010, the court directed that counsel for the Defendant confer with Plaintiff

15   prior to filing any response.  On September 13, 2010, Defendants filed their opposition to the

16   motion, stating that the parties had resolved all but three of their disputes.  Plaintiff has not

17   filed a reply to the opposition.

18   **I.    Legal Standard**

19        Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of federal discovery

20   is broad. Parties may obtain discovery regarding any nonprivileged matter that is relevant to

21   any party's claim or defense. Fed. R. Civ. Proc. 26(b)(1). That relevant information need not

22   be admissible at trial if the discovery appears reasonably calculated to lead to the discovery

23   of admissible evidence. *Id*. The broad scope of permissible discovery encompasses any

24   matter that bears on, or that reasonably could lead to other matters that could bear on, any

25   issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351

26   (1978).

ORDER - 1

1    A district court has wide latitude in controlling discovery.  Federal Rule 37(a)(2)(B),

2  allows the discovering party to move for an order compelling a response to a discovery

3  request. Fed. R. Civ. Pro. 37(a)(2)(B). This rule establishes "a flexible means by which a

4  court may enforce compliance with the Federal discovery procedures through a broad choice

5  of remedies and penalties." *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir.

6  1954).

7  **II.    Analysis**

8    The events of this lawsuit arise from conduct at California State Prison, Solano.

9  Plaintiff was allegedly attacked by four Hispanic inmates on December 21, 2006.  Plaintiff

10  alleges that given the racial tension between Black and Hispanic inmates/gangs,  Defendants

11  failed to implement adequate policies and procedures, requiring that inmates on lock-down

12  status be searched and restrained before being escorted out of their cells. The following

13  Requests for Production (as set forth in Exhibit A attached to Plaintiff's Motion to Compel)

14  are in dispute.

15    **A. Requests Regarding Inmate History**

16    Plaintiff's Request No. 5 requests the production of:

17    Any and all documents that evidence, mention, or refer to inmates Quintanilla, Carrejo,
       Sanchez and Santiago's institutional conduct or disciplinary history at Solano State
18    Prison or any other State, Federal or County Facility.

19    Defendant opposes the request on the grounds that the request "invades the privacy

20  rights of third persons, and is overly broad and unduly burdensome because it is not limited

21  in time or scope."

22    Plaintiff's Request No. 11 requests Defendants produce:

23    Any and all documents known as a "Marriage Chrono" written or created as Solano
       State Prison since January 2004 to the present. The document known as a "Marriage
24    Chrono" are utilized at Solano State Prison after two inmates get into a fight and
       mutually agree by signing the Marriage Chrono's not to engage in Future Fights if
25    allowed to remain on the same prison yard together.

26  Defendants respond to the request as follows:

ORDER - 2

...it is vague and ambiguous with respect to the term "marriage chrono." To the extent Plaintiff is referring to a non-enemy chrono, Responding Parties also object on the grounds that the request is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invades the privacy rights of third persons. Responding Parties also object on the grounds that the request is argumentative, in that it assumes that inmates are allowed to remain on the same yard after being in a fight. Finally, Responding Parties object on the grounds that the CDCR 128 B used for a non-enemy chrono is kept in the central file of the inmate(s) to whom it pertains; therefore, there is no way to search for all such 128 B non-enemy chronos, or even identify and list them for purposes of a privilege log, without searching the central file of every inmate at the institution.

There is no allegation that the four inmates listed in Request No. 5 presented a specific threat because of their behavioral history.  For that reason, Plaintiff's request for production is overbroad.  Likewise, Plaintiff's request that Defendants produce "*any and all*" marriage chronos since January 2004 is also overbroad and overly burdensome.  Accordingly, the Motion to Compel is **DENIED**.

However, Plaintiff is entitled to discovery which could lead to relevant evidence regarding 1) the institutional risk of harm which existed at Solano *in the months preceding his assault* in December 2006 and 2) whether the Defendants were aware of (and what steps they took to address) the risk of inmate on inmate assault because of racial/gang tension during this relevant time period.  This type of information can discovered (via raw data regarding inmate on inmate assaults, violence logs, etc) without the necessity of disclosure of the disciplinary history of specific inmates, which could pose a security threat to the institution.

**B. Request No. 10**

Plaintiff requests the Defendants produce:

Any and all documents written or created since January 2006 to the present that contain, mention, construe or refer to policies, procedures and practices that relate to the hiring of level two custody inmates to work in level three P.I.A. [Prison Industry Authority] industries, Metal Fabrication and Book Bindery Facilities along side level three P.I.A. custody inmates at Solano State Prison in addition to any other CDCR level-three P.I.A. industrial Facilities that have implemented the policy of hiring level-two custody inmates to work in a integrated work environment with level-three custody P.I.A. inmate workers.

ORDER - 3

1    Defendants object to the request as being "overbroad, unduly burdensome, and not

2  reasonably calculated to lead to the discovery of admissible evidence." The court agrees with

3  Defendants.  How inmates are assigned to any prison job at all level-three facilities is not

4  relevant or calculated to lead to relevant or admissible evidence.  Plaintiff's Motion to

5  Compel production these documents is **DENIED**.

6  **III.    Conclusion**

7    Plaintiff's Motion to Compel the Production of Documents (Ct. Rec. 40) is **DENIED**.

8    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order

9  and provide a copy to Plaintiff and counsel.

10   **DATED** this 24th day of September 2010.

11                              s/ Justin L. Quackenbush
                              JUSTIN L. QUACKENBUSH
12              SENIOR UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 4